# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Moises Romero, Jarret Malone, and Jovan Dunlap, Individually and on Behalf of Others Similarly Situated<br>　　Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-2434 |
| Elon, LLC, d/b/a Kindred Pest Control And Levi Leatham, Individually,<br>　　Defendants. | §<br>§ | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Levi Leatham ("Leatham") and his company Elon, LLC, doing business as Kindred Pest Control ("Kindred") (jointly "Defendants"), have a business plan that includes paying non-exempt pest control technicians ("Techs") on a piece-rate basis and not paying these employees overtime pay, no matter how many hours per week they work. This payment plan thus includes not paying an overtime premium for those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiffs Moises Romero ("Romero"), Jarret Malone ("Malone"), and Jovan Dunlap ("Dunlap") (jointly, "Plaintiffs") are three of the workers hired by Defendants as piece-rate employees and not paid overtime pay and bring this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

**Facts Supporting Relief**

**Allegations Related to Plaintiffs' and Their Co-Workers' Claims**

1. Romero worked for Kindred as a Tech from December of 2020 until July of 2021. Romero's duties included, but were not limited to, visiting the homes of Kindred customers and spraying/treating their homes and yards for the reduction and/or elimination of various insects and other pests.

2. Malone worked for Kindred as a Tech from September of 2021 until November of 2021. Malone's duties included, but were not limited to, visiting the homes of Kindred customers and spraying/treating their homes and yards for the reduction and/or elimination of various insects and other pests.

3. Dunlap worked for Kindred as a Tech from December of 2020 until July of 2021. Dunlap's duties included, but were not limited to, visiting the homes of Kindred customers and spraying/treating their homes and yards for the reduction and/or elimination of various insects and other pests.

4. Plaintiffs and their Tech coworkers were required report to the Kindred offices before 7 am each morning they worked to attend a meeting and get their supplies for the day. They then left to service the customers on the routes that were assigned to them by Kindred, and generally worked 10 - 12 or more hours each day to finish their routes. Techs usually worked 6 days per week, Monday through Saturday.

5. During the time that they worked for the Defendants, Plaintiffs regularly worked in excess of 40 hours per week.

6. Kindred paid Plaintiffs and the other Techs on a piece-rate basis, meaning that they were paid the same amount of money for each customer home that they serviced for

Kindred, irrespective of the time it took to service each location. Kindred did not pay Plaintiffs an overtime premium for any of the hours that they worked in excess of 40 in a workweek. Instead, Plaintiffs were paid the same set piece rate for each home they serviced, no matter how many hours that they worked each day or week.

7. Plaintiffs worked with numerous other individuals employed as Techs who were paid on a piece-rate basis. These individuals were also Techs servicing Kindred customers' homes who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked in excess of 40 per workweek.

8. Levi Leatham is an owner/member of Kindred. Leatham is a person who had and exercised control over the work that Plaintiffs did, how that work was done, scheduling of Plaintiffs' work and time worked, and the manner of their compensation. Leatham is the person who made the decision to pay Plaintiffs and other Techs on a piece rate basis and to not pay them overtime pay for the hours that they worked over 40 each week.

**Allegations Regarding FLSA Coverage**

9. Defendant Elon, LLC, d/b/a Kindred Pest Control is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

10. During each of the three years prior to this complaint being filed, Kindred was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

11. During each of the three years prior to this complaint being filed, Kindred regularly owned and operated businesses engaged in commerce or in the production of goods for

commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

12. During each of the three years prior to this complaint being filed, Kindred conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

13. During each of the three years prior to this complaint being filed, Kindred's employees used or handled goods, tools, equipment and/or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

### Plaintiffs' Claims

14. Kindred was legally required to pay Plaintiffs and their similarly situated Tech co-workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Kindred in excess of 40 in any workweek.

15. Plaintiffs worked over 40 hours in most of the workweeks that they worked for Kindred.

16. Similarly Situated Workers worked over 40 hours in most of the workweeks that they worked for Kindred.

17. Kindred did not pay Plaintiffs time-and-a-half for any of the overtime hours that they worked for Kindred. Kindred's underpayment of the Plaintiffs, often referred to as "wage theft," allowed Kindred to gain an unfair advantage in the marketplace as compared to other pest control businesses that pay their employees all of the money required by law.

18. Leatham controlled the manner in which Plaintiffs were compensated and was directly responsible for the fact that they were paid a piece-rate with no overtime pay. Leatham knew that Plaintiffs regularly worked more than 40 hours per week and were not paid overtime

4

pay. Despite complaints and concerns voiced to Leatham by a number of Kindred's Techs about the fact that the company was not paying them the legally required overtime pay, Leatham continued his company's illegal practices. Leatham was also individually an employer, as that term is defined under the FLSA, of the Plaintiffs and all other Kindred employees.

19. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiffs and Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

## Cause of Action

## Violation of the FLSA – Failure to Pay Overtime Wages Owed

20. Defendants violated the FLSA by not paying Plaintiffs overtime pay for hours worked over 40 per workweek.

21. Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

22. Defendants are liable to Plaintiffs for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Collective Action Allegations

23. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying pest control techs on a piece-rate basis without paying them overtime pay for the hours over 40 that they worked each workweek. This generally applicable policy is prohibited by the FLSA. Plaintiffs' experiences are typical of the experiences of the Similarly Situated Workers.

24. The group of Similarly Situated Workers is properly defined as:

**All individuals who are/were employed as pest control technicians by Defendant Elon, LLC, d/b/a Kindred Pest Control during the three-year period preceding the filing of this Complaint.**

### Defendant, Jurisdiction, and Venue

25. Defendant Elon, LLC is a Texas limited liability company and an "employer" as defined by the FLSA. This Defendant may be served through its registered agent, Levi Leatham, at 13464 I & Gn Road, College Station, Texas 77845, or wherever he may be found.

26. Defendant , Levi Leatham may be served with process at 13464 I & Gn Road, College Station, Texas 77845, or wherever he may be found.

27. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### Demand for Jury

22. Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing pest control and pest treatment work who are/were employed by Elon, LLC, d/b/a Kindred Pest Control Services, during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiffs' and the Members of the Class's unpaid overtime wages at the applicable rate;

3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**